NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
GAVIN L. GREENE (Cal. Bar No. 230807)
Assistant United States Attorney
        Federal Building, Suite 7211
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-4600
        Facsimile: (213) 894-0115
        E-mail: Gavin.Greene@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Sabena Puri,<br><br>          Petitioner,<br><br>          v.<br><br>United States of America,<br><br>          Respondent. | Case No. CV 20-7270 RGK (AGRx)<br><br>Notice of Motion and Motion to Deny and Dismiss Petitioner's Petition to Quash Third-Party Summons Issued to Citibank N.A.; Memorandum of Points and Authorities<br><br>[Exhibits redacted to exclude Personal Identifiers pursuant to Fed. R. Civ. Proc. 5.2 and Local Rule 5.2-1]<br><br>Date:          November 9, 2020<br>Time:          9:00 a.m.<br>Courtroom:     850<br>Location:      Roybal Fed. Bldg.<br>               255 E. Temple Street<br>               Los Angeles, California |

        To the Honorable R. Gary Klausner, United States District Judge, and

Sabena Puri, Petitioner, please take notice that at the above date and time,

the United States of America will move the Court to deny and dismiss

Petitioner's Petition to Quash Third-Party Summons Issued to Citibank N.A.

1  The grounds for this motion are more fully set forth in the accompanying

2  Memorandum of Points and Authorities.

3       This motion is made following the conference of counsel pursuant to

4  Local Rule 7-3 which took place on August 26, 2020.

6                                         Respectfully submitted,

7                                         NICOLA T. HANNA
United States Attorney

8  THOMAS D. COKER
Assistant United States Attorney

9  Chief, Tax Division

11  Dated: October 8, 2020           /s/
GAVIN GREENE

12  Assistant United States Attorney
Attorneys for the United States of America

2

# Table of Contents

I. Introduction ................................................................................................ 1

II. Statement of Facts ................................................................................... 1

    A. The United States has a tax treaty with India to provide
    mutual assistance in tax cases. ......................................................... 1

    B. The IRS issued a summons in response to a request for
    assistance from India ........................................................................ 3

III. Law and Analysis .................................................................................. 5

    A. The Petition to Quash should be denied and dismissed because
    the United States has established that the IRS summons is
    valid ..................................................................................................... 5

    B. Petitioner has failed to prove that the summons is invalid ............. 7

        1.   The summons was issued for a legitimate purpose
            based on the Convention's broad standard to exchange
            information .......................................................................... 7

        2.   The scope of the summons was consistent with the
            Treaty Request ................................................................ 10

        3.   The United States issued the summons in good faith ....... 11

        4.   The Court should not permit discovery or conduct an
            evidentiary hearing in this case ........................................ 12

IV. Conclusion ........................................................................................... 13

## CASES

*Chen Chi Wang v. United States*, 757 F.2d 1000 (9th Cir. 1985) .................. 12

*Crystal v. United States*, 172 F.3d 1141 (9th Cir. 1999) ................................... 5

*Guglielmi v. United States*, 2013 WL 1645718 (S.D.N.Y. Apr. 15, 2013) ..... 11

*Kalra v. United States*, 2014 WL 242763 (N.D. Ill. Jan. 21, 2014) ..... 8, 11, 12

*Larue v. United States*, 2015 WL 9809798 (D. Or. Dec. 22, 2015) ............... 11

*Liberty Fin. Servs. v. United States*, 778 F.2d 1390 (9th Cir. 1985) .............. 6

*Lidas, Inc. v. United States*, 1999 WL 164409 (C.D. Cal. Feb. 5, 1999) ....... 11

*Lidas, Inc. v. United States*, 238 F.3d 1076 (9th Cir. 2001) ........................... 6

*Mazurek v. United States*, 271 F.3d 226 (5th Cir. 2001) ................................ 11

*United States v. Arthur Young & Co.*, 465 U.S. 805 (1984) ............................ 5

*United States v. Church of Scientology of California*, 520 F.2d 818 (9th Cir. 1975) ................................................................................................. 12

*United States v. Clarke*, 573 U.S. 248 (2014) ................................................ 13

*United States v. Dynavac, Inc.*, 6 F.3d 1407 (9th Cir. 1993) ......................... 5

*United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997) .................................... 6

*United States v. Powell*, 379 U.S. 48 (1964) ................................................. 5

*United States v. Stuart*, 489 U.S. 353 (1989) ................................................ 6

*United States v. Wyatt* 637 F.2d 293 (5th Cir. 1981) .................................. 10

*Yeong Yae Yun v. United States*, 2000 WL 33267334 (C.D. Cal. Nov. 21, 2000)................................................................................................. 10

## STATUTES

26 U.S.C. § 7602(a) .......................................................................................... 5

26 U.S.C. § 7603(b)(1)........................................................................................ 4

26 U.S.C. § 7603(b)(2)(A).................................................................................. 4

## Memorandum of Points and Authorities

### I. Introduction

The Internal Revenue Service properly issued an administrative summons to Citibank N.A. (Citibank), and Petitioner's arguments are not sufficient to show an improper purpose.  The United States received a treaty request from the Republic of India (India) for information regarding Sabena Puri (Petitioner) for the period from April 1, 2003 through March 31, 2019.  The IRS reviewed the request, determined that it was valid, and properly issued an administrative summons to Citibank.  In response, Petitioner filed the Petition to Quash in this case.  This is a summary proceeding, and the declarations of Margaret O'Connor, Director of Treaty Administration in the Large Business and International Division of the IRS, and Hung Pham, Tax Law Specialist in the Large Business and International Division of the IRS, establish that: (1) the summons was issued for a legitimate purpose, (2) the summoned data may be relevant to that purpose, (3) the data is not already in the IRS's possession, and (4) the IRS has followed the administrative steps for issuing and serving the summons.  Petitioner's rhetoric does not refute the Government's evidence establishing the required elements for enforcement, and her Petition to Quash should be denied and dismissed.

### II. Statement of Facts

**A. The United States has a tax treaty with India to provide mutual assistance in tax cases.**

The United States entered into the Convention Between the Government of the United States of America and the Government of the Republic of India for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income (Convention).[1]  Article 28 of

---

[1] www.irs.gov/pub/irs-trty/india.pdf

the Convention, titled Exchange of Information and Administrative Assistance, provides for the exchange of information, including documents, between the Contracting States.[2]  The Convention provides that the United States and India may request information from each other regarding specific cases.[3]  Information exchanged under the treaty is treated as secret, subject to the same disclosure constraints as information obtained under the laws of the requesting country.[4]  However, the Convention does not impose an obligation on the United States to (a) carry out administrative measures at variance with its laws and administrative practice of either state, (b) supply information which is not obtainable under the laws or in the normal course of the administration of either state, or (c) supply information that would disclose trade secrets.[5]  If one country requests tax information from the other country, then the responding country must obtain the requested information as if the tax in question were the tax of the requested nation.[6]

_____

[2] Article 28, ¶ 1.

[3] Article 28, ¶ 1; Treasury Department Technical Explanation of the Convention and Protocol Between the United States of America and The Republic of India for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion With Respect to Taxes on Income Signed at New Delhi on September 12, 1989, (Technical Explanation) page 60 of 63. www.irs.gov/pub/irs-trty/inditech.pdf.

[4] Article 28, ¶ 1; Technical Explanation, page 60.

[5] Article 28, ¶ 3; Technical Explanation, page 61 (the obligations undertaken in paragraph 1 to exchange information do not require a Contracting State to carry out administrative measures which are at variance with the laws or administrative practice of either State).

[6] Article 28, ¶ 4; Technical Explanation, page 61.

**B. The IRS issued a summons in response to a request for assistance from India.**

On January 17, 2020, India made an Exchange of Information Request (Treaty Request) to the United States pursuant to Article 28 of the Convention.[7]  According to the Treaty Request, the Indian taxing authority is examining Petitioner for income tax liabilities relating to the tax periods from April 1, 2003 through March 31, 2019.[8]  The Treaty Request seeks information regarding bank accounts held by Petitioner at Citibank.[9] According to the request, India is seeking the information to determine whether Petitioner should have disclosed her interest in a foreign bank account, and to determine the correct amount of income tax due from Petitioner for the tax periods at issue.[10]  According to the request, the Indian tax authorities have exhausted all means available in their country to obtain the requested information, except those that would give rise to disproportionate difficulty.[11]

India must use the information only as specified in the Convention, which provides that information received "shall be treated as secret" and "shall be disclosed only to persons or authorities (including courts and administrative bodies) involved in the assessment, collection, or administration of, the enforcement or prosecution in respect of, or the determination of appeals in relation to, the taxes which are the subject to the

---

[7] Declaration of Margaret O'Connor, ¶ 3.

[8] Declaration of Margaret O'Connor, ¶ 6.

[9] Declaration of Margaret O'Connor, ¶ 8.

[10] Declaration of Margaret O'Connor, ¶ 9.

[11] Declaration of Margaret O'Connor, ¶ 11.

Convention."[12]  Improper use of any information exchanged pursuant to the Convention would be protested by the United States and, if continued, would lead to a recommendation to terminate the Convention.[13]

The U.S. Competent Authority has determined that the Treaty Request is proper and it is appropriate for the United States to comply with its treaty obligations by obtaining the requested information.[14]  Accordingly, the IRS issued a summons to Citibank, which was served on July 23, 2020.[15]  Notice of the summons was sent to Petitioner by certified mail.[16]  At the time that the summons was issued and served, the summoned information was not in the possession of the IRS.[17]  All administrative steps required by the Internal Revenue Code for the issuance of the summonses have been taken.[18]  There is no "Justice Department referral," as that term is described in Section 7602(d)(2) of the Internal Revenue Code, in effect regarding Petitioner.[19]

---

[12] Article 28, ¶ 1.

[13] Declaration of Margaret O'Connor, ¶ 14.

[14] Declaration of Margaret O'Connor, ¶ 15.

[15] Declaration of Hung Pham, ¶¶ 3-4.  A summons, to a third party recordkeeper such as a bank, may be served by certified mail.  26 U.S.C. §§ 7603(b)(1) and (b)(2)(A).  However, Citibank has waived service by mail and authorized that service of such summonses directed to Citibank be made by facsimile transmission.  Declaration of Cathrine Reinecke, ¶ 2.

[16] Declaration of Hung Pham, ¶ 5.

[17] Declaration of Hung Pham, ¶ 6.

[18] Declaration of Hung Pham, ¶ 7.

[19] Declaration of Hung Pham, ¶ 8.

On August 12, 2020, Petitioner filed the Petition to Quash the summons.[20]  For the reasons set forth below, the petition should be denied and dismissed.

### III. Law and Analysis

**A. The Petition to Quash should be denied and dismissed because the United States has established that the IRS summons is valid.**

The Internal Revenue Service has the power to summon books, papers, records, or other data and to take the testimony of any person for the purpose of ascertaining the correctness of a tax return, determining a taxpayer's tax liability, and collecting a taxpayer's tax liability.[21]  The Supreme Court in *United States v. Powell* set forth four factors to establish a prima facie case that an IRS summons is valid: (1) the summons was issued for a legitimate purpose; (2) the summoned data may be relevant to that purpose; (3) the data is not already in the IRS's possession; and (4) the IRS has followed the administrative steps for issuing and serving the summons.[22]

The Ninth Circuit in *Crystal v. United States* explained that "[t]he government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met."[23]

---

[20] Judicial notice is requested for all relevant documents in the Court's electronic file pursuant to Federal Rule of Evidence 201.

[21] 26 U.S.C. § 7602(a).

[22] *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see also Crystal v. United States*, 172 F.3d 1141, 1143-44 (9th Cir. 1999).  *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-15, fn. 11 (1984) (The concept of relevance for purposes of a summons is whether the requested material "might have thrown light upon the correctness of the return.").

[23] *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999), *quoting United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993).

The burden is minimal "because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted."[24] Courts have consistently held that declarations or affidavits by IRS directors or agents are generally sufficient to make the required showing under *Powell*.[25]  Once the government has established the *Powell* requirements, those opposing enforcement of a summons bear the heavy burden to disprove the actual existence of a valid purpose.[26]

The Supreme Court in *United States v. Stuart*, determined that the *Powell* factors are applicable even if the IRS issued the summons pursuant to a treaty with a foreign country, and they are satisfied here.[27]  First, the summons was issued for a legitimate purpose.  The U.S. Competent Authority determined that the Treaty Request is proper under the Convention, and, accordingly, the United States has an obligation under the treaty to provide the requested assistance to India.  Second, the information sought is relevant to the examination.  As India set forth in its request, Petitioner owns a bank account at Citibank in the United States, and information about her bank account may assist India in determining her correct Indian tax liability.  Third, the information sought by the summons is

---

[24] *Id. quoting Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985).

[25] *Lidas, Inc. v. United States*, 238 F.3d 1076, 1082 (9th Cir. 2001) (citations omitted).

[26] *Crystal*, 172 F.3d at 1144; *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc) (the taxpayer bears a "heavy burden" to rebut the presumption of good faith).

[27] *United States v. Stuart*, 489 U.S. 353, 356 (1989); *Lidas,* 238 F.3d at 1082 ("The same test applies where the IRS issues a summons at the request of a tax treaty partner.").

not already in the possession of the IRS or the Indian tax authorities. Fourth, the required administrative steps have been followed because the summons was properly issued, it was served on Citibank, and notice was mailed to Petitioner.  Based on the foregoing, the United States has established its prima facie case.

**B. Petitioner has failed to prove that the summons is invalid.**

The United States has established the *Powell* requirements and Petitioner bears the heavy burden to disprove the existence of a valid purpose.

### 1. The summons was issued for a legitimate purpose based on the Convention's broad standard to exchange information.

The summons to Citibank was issued for a legitimate purpose, namely assisting a treaty partner to obtain information pursuant to a lawful request. The United States and India have agreed to exchange the information that is necessary to carry out the provisions of their respective tax laws.  The Convention's use of the phrase "in particular, for the prevention of fraud or evasion of such taxes" in Article 28, paragraph 1, provide two specific examples, which do not limit the broad scope of the obligation under the Convention to exchange information.

The language of Article 28, paragraph 1 – including the phrase "in particular, for the prevention of fraud or evasion of such taxes" – matches Article 26 of the Model Double Taxation Convention published by the United Nations in 1980 (U.N. Model).[28]  The U.N. Model added the reference to fraud or evasion "at the request of members of the Group, mainly from developing countries, who wanted to emphasize that the exchange of

---

[28] digitallibrary.un.org/record/13957?ln=en, page 41 (47 of 272).

7

information under article 26 covers the purpose of preventing fraud or evasion."[29]  Thus, the Convention includes fraud and evasion, but is not limited to fraud and evasion.

The State Department stated in its letter summarizing the Convention to the President of the United States: "As with all United States tax treaties, the Convention…provides for the exchange of otherwise confidential tax information between the tax authorities of the parties."[30]  The President then stated in his letter to the Senate that the Convention "provides for the exchange of information by the competent authorities of the Contracting States."[31]  These statements confirm that the Convention provides for the broad exchange of tax information, and neither indicates an intention to limit treaty requests to the prevention of fraud or evasion of taxes.

In *Kalra v. United States*, the district court reviewed two IRS summonses that were issued in response to a treaty request from India.[32] The court noted that the Convention provides that each country:[33]

"shall exchange such information (including documents) as is necessary for carrying out the provisions of the Convention or the domestic laws

---

[29] Commentaries on the Articles of the United Nations Double Tax, www.un.org/esa/ffd/wp-content/uploads/2014/09/DoubleTaxation.pdf, page 351 (376 of 409 of the pdf file), ¶ 2.

[30] Convention, page 4 of 43.

[31] Convention, page 5 of 43.

[32] *Kalra v. United States*, 2014 WL 242763 (N.D. Ill. Jan. 21, 2014).  Note that <u>*Kalra*</u> involved only a tax-liability determination, not fraud or evasion.

[33] *Id*. at *1, fn. 1.

8

of the Contracting States concerning taxes covered by the Convention ... [and] for the prevention of fraud or evasion of such taxes." (quotation and brackets in original)

Thus, the court in *Karla* clarified that that the Convention allows each nation to request information either: (1) for carrying out the domestic tax laws, or (2) for the prevention of fraud or evasion of taxes. The court in *Kalra* went on to make clear that once the United States satisfied the *Powell* factors, the taxpayer had the heavy burden to either disprove one of the *Powell* factors or show that the IRS acted in bad faith in issuing the summonses.[34]

This is consistent with the Treasury Department's Technical Explanation of the Treaty that provides that "the information to be exchanged is that necessary for carrying out the provisions of the Convention or the domestic laws of the United States or [India] concerning the taxes covered by the Convention."[35] Furthermore, the IRS's Technical Explanation of the Convention provides an example of treaty assistance that is not limited to the prevention of fraud or evasion of taxes:

[I]f a third country resident maintains a bank account in India and the Internal Revenue Service has reason to believe that funds in that account should have been reported for U.S. tax purposes but have not been so reported, information can be requested from India with respect to that person's account.

---

[34] *Id.* at *2

[35] www.irs.gov/pub/irs-trty/inditech.pdf, (Technical Explanation) page 60.

9

The assistance under the Convention applies broadly to assist in the administration of domestic tax laws, and is not limited solely to assistance in tax fraud or tax evasion matters.  The United States' legitimate purpose in issuing the summons was to comply with its obligations under the Convention.  The United States is acting within its authority to gather information from entities in possession of records of the taxpayer.  Petitioner's argument that the Convention only permits disclosure of tax information for the prevention of fraud or evasion of taxes is wrong and is not sufficient to carry her heavy burden to disprove the actual existence of a valid purpose for the summons.

## 2. The scope of the summons was consistent with the Treaty Request.

The summons in this case is not overbroad.  As explained by this court in *Yeong Yae Yun v. United States*, overbreadth has been defined as "out of proportion to the ends sought," and "of such a sweeping nature and so unrelated to the matter properly under inquiry as to exceed the investigatory power."[36]  In that case, the court enforced the summonses the IRS issued to banks for information from 1995 through 1998, which was the same time period that the Korean government was investigating pursuant to its request to the United States.[37]  In this case, the IRS issued a summons to Citibank and requested records for the same period of time as requested by India.

The time period for documents in this case is not overbroad.  District courts have enforced other summonses issued by the IRS to assist treaty

---

[36] *Yeong Yae Yun v. United States*, 2000 WL 33267334, at *4 (C.D. Cal. Nov. 21, 2000) (J. Morrow), *quoting United States v. Wyatt* 637 F.2d 293, 302 (5th Cir. 1981) (citations omitted).

[37] *Id.*

partners that involved requests for over a 10-year span of time. For example, in *Larue v. United States*, the petition to quash was denied as against a summons for records from 1997 through 2009 and 2011 through 2013.[38] In *Kalra v. United States*, the petition to quash was denied as against a summons for records for the period April 1, 2000 through December 31, 2011.[39] The request in this case for information in this case from April 1, 2003 through March 31, 2019, is consistent with those cases and the Treaty Request. As such, the summons should be enforced.

**3. The United States issued the summons in good faith.**

The United States issued the summons in good faith. The good faith of the requesting country is not relevant. In *Lidas, Inc. v. United States*, the Ninth Circuit stated that "where the IRS issues a summons at the request of a treaty partner … the IRS need not establish the good faith of the requesting nation."[40] In *Mazurek v. United States*, the Fifth Circuit stated that "as long as the IRS acts in good faith, it need not also attest to … the good faith of the requesting nation."[41] Similarly, the court in *Guglielmi v. United States*, stated that "[t]o enforce a summons, the IRS is not required to assess the adequacy of [another country's] tax law or practices."[42] Additionally, looking into the good faith of the requesting country's investigation would "unwisely necessitate an inquiry into the propriety of the

---

[38] *Larue v. United States*, 2015 WL 9809798, at *1 (D. Or. Dec. 22, 2015).

[39] *Kalra v. United States*, 2014 WL 242763 (N.D. Ill. Jan. 21, 2014).

[40] *Lidas, Inc. v. United States*, 238 F.3d 1076, 1082 (9th Cir. 2001).

[41] *Mazurek v. United States*, 271 F.3d 226, 231-32 (5th Cir. 2001).

[42] *Guglielmi v. United States*, 2013 WL 1645718 at *2 (S.D.N.Y. Apr. 15, 2013).

[requesting country's] action under [that country's] law."[43]  India's good faith is irrelevant and Petitioner's allegations of India's bad faith are not sufficient to carry the heavy burden to disprove the actual existence of a valid purpose for the IRS summons.

### 4. The Court should not permit discovery or conduct an evidentiary hearing in this case.

District courts are not required to permit discovery or conduct evidentiary hearings in proceedings to quash or enforce IRS summonses.[44] This is in recognition of the established principle that summons proceedings are summary in nature.[45]  The Ninth Circuit in *Chen Chi Wang* explained that, "[t]he district court in a summary summons enforcement proceeding has great discretion to restrict or deny discovery; discovery in such a proceeding is the exception rather than the rule."[46]  The Ninth Circuit in *Church of Scientology* stated that "[t]he party resisting enforcement should be required to do more than allege an improper purpose before discovery is

---

[43] *Mazurek*, 271 F.3d at 232; *see also Kalra v. United States*, 2014 WL 242763, at *3 (N.D. Ill. Jan. 21, 2014) ("The Powell factors do not require the IRS to assess the adequacy of the Indian tax practices or the scope of its tax investigation before issuing the summonses for the requested information."); *Villareal v. United States, 524 Fed. Appx.* 419, 423 (10th Cir. 2013) (Mexico taxing authorities' good faith in requesting information was irrelevant; "what matters is the IRS's good faith in issuing the summons"); *Net Promotion, Inc. v. United States*, 2012 WL 6015606, at *2 (D. Minn. Dec. 3, 2012).

[44] *See Stuart*, 489 U.S. at 369; *United States v. Church of Scientology of California*, 520 F.2d 818, 821 (9th Cir. 1975).

[45] *Chen Chi Wang v. United States*, 757 F.2d 1000, 1004-05 (9th Cir. 1985).

[46] *Id.*

12

granted."[47]  Allowing discovery in what is meant to be a summary proceeding would place undue burdens on the IRS and improperly impede the summons-enforcement procedure.[48]

Petitioner fails to make the exceptional showing necessary to warrant discovery in this summary proceeding.  Specifically, Petitioner's allegations all relate to the good faith of India's tax examination, which as discussed above, is not relevant to this proceeding; and, in any event, are without admissible factual foundation.  Instead, in this proceeding the inquiry is whether the IRS acted in good faith.  As explained above, the evidence submitted by the Government establishes that the IRS has satisfied the *Powell* requirements.

### IV. Conclusion

Based on the foregoing, the IRS has acted in good faith, and the Petition to Quash should be denied and dismissed.

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: October 8, 2020

/s/
GAVIN GREENE
Assistant United States Attorney
Attorneys for the United States of America

---

[47] *Church of Scientology*, 520 F. 2d at 824; *see also United States v. Clarke*, 573 U.S. 248, 254 (2014) (stating that the taxpayer must "point to specific facts or circumstances plausibly raising an inference of bad faith").

[48] *Church of Scientology*, 520 F. 2d at 824.

13