UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-07270-RGK (AGRx) | Date | December 9, 2020 |
|---|---|---|---|
| Title | Sabena Puri v. United States of America | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| K. Lozada | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

| Proceedings: | REPORT AND RECOMMENDATION RE: PETITIONER'S PETITION TO QUASH THIRD PARTY SUMMONS ISSUED TO CITIBANK, N.A. BY THE INTERNAL REVENUE SERVICE (Dkt. No. 1) |
|---|---|

Pursuant to 26 U.S.C. § 7609, Petitioner filed a petition to quash the third party summons to Citibank N.A. by the Internal Revenue Service ("IRS"). (Dkt. No. 1.) Respondent filed a motion to deny and dismiss the petition. (Dkt. Nos. 16-17.) Petitioner filed a response. (Dkt. No. 21.) The court heard oral argument. (Dkt. No. 26.)

### I. Procedural History

The United States and the Republic of India ("India") are signatories to the Convention Between the United States of America and the Government of the Republic of India for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income ("Convention"). (Exh. B to Petition, Dkt. No. 1-2.)

Article 28 of the Convention provides, in pertinent part: "The competent authorities of the Contracting States shall exchange such information (including documents) as is necessary for carrying out the provisions of this Convention or of the domestic laws of the Contracting States concerning taxes covered by the Convention insofar as the taxation thereunder is not contrary to the Convention, in particular, for the prevention of fraud or evasion of such taxes. The exchange of information is not restricted by Article I (General Scope)." (Article 28 ¶ 1, Dkt. No. 1-2 at 28.)

"If specifically requested by the competent authority of a Contracting State, the competent authority of the other Contracting State shall provide information under this Article in the form of depositions of witnesses and authenticated copies of unedited original documents (including books, papers, statements, records, accounts, and writings), to the same extent such depositions and documents can be obtained under the laws and administrative practices of that other State with respect to its own taxes." (Article 28 ¶ 4, Dkt. No. 1-2 at 29.)

Pursuant to Article 28 of the Convention, India made an Exchange of Information Request ("EOI

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-07270-RGK (AGRx) | Date | December 9, 2020 |
|---|---|---|---|
| Title | Sabena Puri v. United States of America | | |

Request") that indicated Petitioner was a tax resident of India and is under examination by Indian tax authorities for income tax liabilities during the period April 1, 2003 through March 31, 2019. (O'Connor Decl. ¶¶ 3, 6-7, Dkt. No. 16-2.) The EOI Request states that an Indian tax resident must report worldwide income and declare foreign bank accounts under her ownership or control to the Indian tax authorities. (*Id.* ¶ 7.) The EOI asks for information about Petitioner's accounts at Citibank, and represents that the requested information is "necessary to determine if a foreign bank account should have been disclosed and to assess the correct amount of income tax due from [Petitioner]" for the specified tax periods. (*Id.* ¶¶ 8-9.)

The IRS determined that the EOI Request is a proper treaty request. (*Id.* ¶ 15.) The IRS issued a third party summons to Citibank that seeks the following information about accounts owned, controlled, or under the signatory authority of Petitioner for the period April 1, 2003 through March 31, 2019:

- Account opening documents
- Account signature documents
- Know-Your-Customer and Customer Due Diligence records, as required to be maintained by law
- Correspondence and memorandum files related to the accounts (excluding marketing material)

The term "accounts" is defined to mean "all transactions between you and the Taxpayer, such as private banking accounts or activities, the purchase of certificates of deposit, or the leasing of a safe deposit box." (Exh. A to Petition, Dkt. No. 1-1.) The IRS gave notice to Petitioner. (Pham Decl. ¶ 5 & Exh. D, Dkt. No 17.)

## II. Legal Standards

To obtain enforcement of the summons, the United States "must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

The *Powell* standard applies to an IRS summons issued at the request of a tax treaty partner. *United States v. Stuart*, 489 U.S. 353, 360 (1989). "In such case, the IRS need not establish the good faith of the requesting nation." *Lidas, Inc. v. United States*, 238 F.3d 1076, 1082 (9th Cir. 2001).

Once the United States satisfies this standard, "it is entitled to an enforcement order unless the taxpayer can show that the IRS is attempting to abuse the court's process." *Id.* at 360. "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. The burden of showing an abuse of the court's process is on the taxpayer, and it is not met by a mere showing, as was made in this case, that the statute of limitations for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-07270-RGK (AGRx) | Date | December 9, 2020 |
|---|---|---|---|
| Title | Sabena Puri v. United States of America | | |

ordinary deficiencies has run or that the records in question have already been once examined." *Powell*, 379 U.S. at 58.

### III.   Discussion

#### A.   The Powell Standard

The government's burden under the *Powell* standard is minimal and is generally satisfied — as in this case — by the sworn declaration of the IRS agent. *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) (citing *Powell*, 379 U.S. at 57-58). Petitioner argues that the IRS has not satisfied the first and second *Powell* factors.

As to the first factor, fulfilling the United States' obligations under a tax convention is a legitimate purpose. *Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir. 2001); *United States v. Hiley*, 2007 U.S. Dist. LEXIS 73542, *8-*9 (S.D. Cal. Oct. 2, 2007). Petitioner argues India could not legitimately request information pursuant to a legitimate purpose, namely, "an investigation into unpaid tax liabilities of Petitioner, and particularly fraud or evasion by Petitioner." (Petition at 6 ¶ 11.)

Petitioner's argument on this first factor is apparently based on her contention that she is not a resident of India for taxation purposes under the Convention. Article 28 provides for the exchange of information "concerning taxes covered by the Convention insofar as the taxation thereunder is not contrary to the Convention, in particular, for the prevention of fraud or evasion of such taxes." (Article 28 ¶ 1, Exh. B to Petition, Dkt. No. 1-2 at 28.) Article 28 expressly states that "[t]he exchange of information is *not* restricted by Article 1 (General Scope)." *Id.* (emphasis added). Article 1, in turn, states that the Convention "shall apply to persons who are residents of one or both of the Contracting States, except as otherwise provided in the Convention." (Article 1, Exh. B to Petition, Dkt. No. 1-2 at 6.)

The IRS' declaration states that India made the EOI Request pursuant to Article 28 of the Convention. The EOI Request indicates that Petitioner is under examination for income tax liabilities relating to the tax periods April 1, 2003 through March 31, 2019, and that she was a tax resident of India during those periods. (O'Connor Decl. ¶¶ 3, 6-7.) Petitioner apparently filed tax returns in India for at least some of those years. (Goyal Opinion, Dkt. No. 21-4 at 11, 14 (noting Petitioner submitted USA and India tax returns to him).) There is no dispute that Petitioner has account(s) at Citibank. The court concludes that the IRS has satisfied its burden of showing that the investigation will be conducted pursuant to a legitimate purpose.

Petitioner contends that the court must further decide whether she is deemed a tax resident of India under the tie-breaking rules of the Convention. Petitioner's argument cannot be squared with the Convention's language that the exchange of information is not restricted by Article 1. "'The clear import of treaty language controls unless "application of the words of the treaty according to their obvious meaning effects a result inconsistent with the intent or expectations of its signatories."'" *Stuart*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-07270-RGK (AGRx) | Date | December 9, 2020 |
|---|---|---|---|
| Title | Sabena Puri v. United States of America | | |

489 U.S. at 365-66 (citation omitted). Here, the plain words of the Convention do not effect a result inconsistent with the intent or expectations of the signatories. Moreover, when "a provision of a treaty fairly admits of two constructions, one restricting, the other enlarging, rights which may be claimed under it, the more liberal interpretation is to be preferred." *Id.* at 368.

On the contrary, Petitioner's argument makes no sense. Petitioner attaches legal opinions that she is a resident of both Contracting States under Article 4. (Dkt. No. 21 at 26; Khare Opinion ¶ 3.2, Dkt No. 21-3; Goyal Opinion, Dkt. No. 21-4 at 15.) When, as here, an individual is a resident of both Contracting States, Article 4 provides the method for determining the individual's status. (Article 4 ¶ 2, Exh. B to Petition, Dkt. No. 1-2 at 9.) Under the first test,[1] Petitioner provides a legal opinion that she has permanent homes in both Contracting States. (Khare Opinion, Dkt. No. 21-3 at 4.) Therefore, the next inquiry under the first test is where her personal and economic relations are closer. To make that determination, "we have to compare the personal and economic activities in India and USA." (Goyal Opinion, Dkt. No. 21-4 at 12.) Goyal examined, among other things, Petitioner's financial documents including her Citibank 401(k) account. (*Id.* at 14.) Khare looked at various factors, four of which were (1) brokerage accounts held in each jurisdiction and the relative percentage of funds invested in each jurisdiction; (2) detail of bank accounts held in each jurisdiction; (3) details of credit card payments in each jurisdiction; and (4) 401(k) retirement plans. (Khare Opinion, Dkt. No. 21-3 at 4, 8, 10-11, 16.) In other words, at a minimum the court would have to examine the very documents requested in the summons in order to make this determination. (Even those documents would be insufficient because the court does not have records of any of Petitioner's bank accounts or investment activities in India.)

Legal authorities have understandably rejected Petitioner's arguments. *See Mazurek*, 271 F.3d at 231 (finding petitioner incorrectly focused on merits of Canadian tax authority's income tax liability determination rather than on legitimacy of IRS' compliance with treaty request); *Hiley*, 2007 U.S. Dist. LEXIS 73542, at *8-*9 (finding court was not required to analyze whether petitioner, who claimed to be charitable foundation, could have income tax liability under Canadian law).

---

[1] Under Article 4, the individual's status is determined as follows:
"(a) he shall be deemed to be a resident of the State in which he has a permanent home available to him; if he has a permanent home available to him in both States, he shall be deemed to be a resident of the State with which his personal and economic relations are closer (centre of vital interests);
(b) if the State in which he has his centre of vital interests cannot be determined, or if he does not have a permanent home available to him in either State, he shall be deemed to be a resident of the State in which he has an habitual abode;
(c) if he has an habitual abode in both States or in neither of them, he shall be deemed to be a resident of the State of which he is a national;
(d) if he is a national of both States or of neither of them, the competent authorities of the Contracting States shall settle the question by mutual agreement."
(Article 4 ¶ 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-07270-RGK (AGRx) | Date | December 9, 2020 |
|---|---|---|---|
| Title | Sabena Puri v. United States of America | | |

Petitioner cites the decision in *Escobedo*, but that case does not support her position. In *Escobedo*, the taxpayer filed a refund suit in the United States and the government filed a motion for summary judgment. The court denied the motion because it found that the taxpayer had created a genuine issue of material fact as to his center of vital interests. *Escobedo v. United States*, 2013 U.S. Dist. LEXIS 164678, *10-*16 (S.D. Cal. Nov. 14, 2013). The *Escobedo* case involved the merits of the taxpayer's refund claim in the United States and not the very different question of the enforcement of an IRS summons for information pursuant to an EOI Request about income tax liabilities in a different country.

As to the second factor, Petitioner argues that the "United States law does not permit overbroad summons requests" and, therefore, such overbroad requests are not available under Article 28. (Petition at 6.) Petitioner cites *Yeong Yae Yun v. United States*, 2000 U.S. Dist. LEXIS 20188 (C.D. Cal. Nov. 13, 2000). In that case, however, the court concluded that the IRS summons was not overbroad in requesting account opening documents, signature cards, bank statements, deposit slips, canceled checks, and account transfers regarding bank accounts during the years in which Korean taxing authorities believed taxes may have been underpaid. *Id.* at *13-*14.

Here, the time period of the IRS summons is coextensive with the EIR Request's indication that Petitioner is under examination for income tax liabilities relating to the tax periods April 1, 2003 through March 31, 2019 and that the requested records are necessary to determine the correct amount of income tax due. (O'Connor Decl. ¶¶ 3, 6-7, 9.) The second factor is satisfied. Petitioner's argument is wholly conclusory. As discussed above, her experts examined such factors as a comparison of brokerage accounts in each jurisdiction, credit card payments made in each jurisdiction, bank accounts in each jurisdiction, and 401(k) or retirement accounts in each jurisdiction. At oral argument, the IRS argued that, if the question were Petitioner's income tax liabilities in the United States, the IRS would request the same type of information. Petitioner does not contend that she has no ownership interest in the Citibank accounts. *See Banister v. United States*, 2010 U.S. Dist. LEXIS 154881, *14 n.19 (C.D. Cal. Jan. 26, 2010) (finding accounts in name of Petitioner and/or his spouse to be relevant to whether Petitioner received income during tax years at issue).

The IRS has satisfied the remaining factors. The IRS declaration states that the information requested is not in the possession of the IRS or India, and the necessary administrative steps were taken to issue the summons. (Pham Decl. ¶¶ 3-8; O'Connor Decl. ¶¶ 12-15); *see Stuart*, 489 U.S. at 360-61.

### B. Abuse of Court Process

Once the *Powell* standard is satisfied, the petitioner may show that the IRS summons has been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. *Powell*, 379 U.S. at 58.

"'[S]ummons enforcement proceedings should be summary in nature and discovery should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-07270-RGK (AGRx) | Date | December 9, 2020 |
|---|---|---|---|
| Title | Sabena Puri v. United States of America | | |

limited.'" *Stuart*, 489 U.S. at 369 (citation omitted). "[T]he taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith. Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge. But circumstantial evidence can suffice to meet that burden; after all, direct evidence of another person's bad faith, at this threshold stage, will rarely if ever be available. . . . The taxpayer need only make a showing of facts that give rise to a plausible inference of improper motive." *United States v. Clarke*, 573 U.S. 248, 254 (2014).

Here, Petitioner do not show specific facts or circumstances plausibly raising an inference of improper motive on the part of the IRS.[2] The court declines to hold an evidentiary hearing.

Petitioner focuses on the bad faith of the Indian tax authorities. Petitioner contends that the Indian tax authorities (a) misrepresented in the EIR Request that they had exhausted the means reasonably available to them to obtain the information requested; and (b) sought 16 years of bank account information. Petitioner repeats her contention that she is not a tax resident of India. (Opp. at 6.)

Taking the last argument first, as discussed above, "the IRS need not establish the good faith of the requesting nation." *Lidas*, 238 F.3d at 1082. "So long as the IRS itself acts in good faith, as that term was explicated in [*Powell*], and complies with applicable statutes, it is entitled to enforcement of its summons." *Stuart*, 489 U.S. at 370 (rejecting argument that IRS was required to attest to whether Canadian tax authorities' investigation had progressed to stage analogous to Justice Department referral in United States); *Mazurek*, 271 F.3d at 231 ("It does not follow, simply because Mazurek challenges the FTA's residency determination, that the FTA's investigation is being conducted for an improper purpose."); *Hiley*, 2007 U.S. Dist. LEXIS 73542, at *10 (same). The Supreme Court's decision in *Stuart* does not support a requirement that the IRS determine whether Petitioner's "personal and economic relations are closer (centre of vital interests)." (Article 4 ¶ 2(a).) Ironically, such an analysis would require not only the production of information requested in the summons — Petitioner's account information at Citibank in the United States — but also additional financial information both in India and in the United States as described by Petitioner's experts. Petitioner provides no authority for the proposition that her income tax liability or nonliability in India must be analyzed here before the IRS summons can be enforced. Such an approach would put the cart before the horse.

Turning to Petitioner's other contentions, Petitioner argues that the Indian tax authorities made a misrepresentation when they stated, in the EIR Request, that they "exhausted all means available in their country to obtain the requested information, except those that would give rise to disproportionate difficulty." (O'Connor Decl. ¶ 11.) Petitioner states that India did not ask her for the bank records. (Puri Decl. ¶ 5.) Petitioner also argues that the Indian tax authorities' request for 16 years of bank

---

[2] The IRS re-issued a summons to Citibank to give Petitioner notice and an opportunity to object. This is not sufficient to show improper motive. *See Maxcrest Ltd. v. United States*, 703 Fed. Appx. 536, 537 (9th Cir. 2017).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-07270-RGK (AGRx) | Date | December 9, 2020 |
|---|---|---|---|
| Title | Sabena Puri v. United States of America | | |

accounts itself suggests improper purpose on their part.

  Petitioner's argument again focuses on the good faith of the Indian tax authorities, not the IRS. Nothing in the Convention requires India to exhaust all means available in India to obtain the requested information. The *Powell* standard asks only whether Indian tax authorities have the information in their possession. *Stuart*, 489 U.S. at 360-61. No one contends that the Indian tax authorities already have the requested information in their possession. For that matter, there is no evidence in the record that anyone, including Petitioner, has all of the requested information in their or her possession in India such that it would be available to Indian tax authorities using any legal process in India.³

  Nor does the request for 16 years of bank records raise an inference of improper purpose on the part of the IRS. As discussed above, the time period of the IRS summons is coextensive with the EIR Request's indication that Petitioner is under examination for income tax liabilities relating to the tax periods April 1, 2003 through March 31, 2019. *See Kalra v. United States*, 2014 U.S. Dist. LEXIS 7449, *8 (N.D. Ill. Jan. 21, 2014) (holding petitioner failed to show IRS' bad faith in complying with Indian tax authorities' request; holding "*Powell* factors do not require the IRS to assess the adequacy of the Indian tax practices or the scope of its tax investigation before issuing the summonses for the requested information"). Petitioner suggests that bank records could conceivably contain private information such as personal expenses that may (or may not) be unnecessary to her income tax liability in India. As a threshold matter, there is nothing in the record that describes the nature of her Citibank accounts other than references to a 401(k) account(s). Petitioner's argument is wholly conclusory and her hypothetical does not make any concrete proposal for redaction of any expenses. Khare, one of her experts, examined such factors as a comparison of brokerage accounts in each jurisdiction, credit card payments made in each jurisdiction, bank accounts in each jurisdiction, and 401(k) or retirement accounts in each jurisdiction to assess her center of vital interests under the Convention. It is not clear that Petitioner redacted any information provided to the expert. Petitioner certainly has not provided the court sufficient information to assess any request for redaction. Although Petitioner argues that she has a family member who is in the political opposition, she does not suggest any way in which her bank account information in the United States could be used to harass the political opposition.

  Finally, Petitioner's fear that the Indian tax authorities may attempt to share her financial information with other Indian government agencies not involved in income tax liability is conclusory and speculative. The IRS declaration states that any improper use of the information would be protested and, if continued, would lead to recommendations to terminate the Convention. (O'Connor Decl. ¶ 14.); *see Yun*, 2000 U.S. Dist. LEXIS 20188, at *9-*10 (noting IRS declaration that improper use of information would be protested was sufficient).

  Although Petitioner requests discovery, she does not specify any discovery that would support

---

  ³ Petitioner's declaration does not state that she has all of the requested information in India or United States.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-07270-RGK (AGRx) | Date | December 9, 2020 |
|---|---|---|---|
| Title | Sabena Puri v. United States of America | | |

her allegations of an improper motive on the part of the IRS. Her allegations focus on the Indian tax authorities — whether she is a tax resident of India and whether they exhausted whatever legal process exists in India. The court is hard pressed to understand what discovery would be available from the IRS on these topics. The IRS' position is that it is not required to investigate the merits of her claims against the Indian tax authorities. To the extent she complains about privacy issues raised in her bank records, that information is peculiarly within her own knowledge. Accordingly, Petitioner has not made the requisite showing for discovery or an evidentiary hearing.

### IV. Recommendation

For the foregoing reasons, it is recommended that the District Court accept this Report and Recommendation, deny the petition to quash the third party summons to Citibank N.A., and grant Respondent's motion to deny and dismiss the petition.

0 : 00

Initials of Preparer  kl