UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SABENA PURI, | ) | NO. CV 20-7270-RGK (AGRx) |
|           Plaintiff, | ) ) | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| v. | ) ) | |
| United States of America, | ) | |
|           Defendant. | ) ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition to Quash Third Party Summons to CitiBank, N.A. ("Petition"), Respondent's motion to deny and dismiss the Petition, the briefing and records on file, the Report and Recommendation of the United States Magistrate Judge ("Report"), the Objections and the Responses. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Court accepts the findings and recommendation of the Magistrate Judge.

The Objections argue that the Report incorrectly rejected Petitioner's tax residency arguments as between India and the United States. Petitioner misunderstands the import of the Report. The Exchange of Information ("EOI") Request under the treaty indicates that Petitioner is under examination in India for income tax liabilities relating to the tax periods April 1, 2003 through March 31, 2019, and that she was a tax resident of India during those periods. (O'Connor Decl. ¶¶ 3, 6-7.) Petitioner apparently filed tax returns in India for at least some of those years.

(Goyal Opinion, Dkt. No. 21-4 at 11, 14 (noting Petitioner submitted USA and India tax returns to him).) Petitioner's expert witnesses noted that, to make a determination about tax residency, "we have to compare the personal and economic activities in India and USA." (Goyal Opinion, Dkt. No. 21-4 at 12.) Goyal, an expert witness, examined, among other things, Petitioner's financial documents including her Citibank 401(k) account. (*Id.* at 14.) Khare, another expert witness, looked at various factors, four of which were (1) brokerage accounts held in each jurisdiction and the relative percentage of funds invested in each jurisdiction; (2) detail of bank accounts held in each jurisdiction; (3) details of credit card payments in each jurisdiction; and (4) 401(k) retirement plans. (Khare Opinion, Dkt. No. 21-3 at 4, 8, 10-11, 16.) Thus, even according to Petitioner's own experts, the determination of tax residency requires consideration of the documents sought in the summons. The Report concluded that the petition to quash the summons should be denied.

Petitioner's remaining objections are without merit.

IT IS ORDERED that Petitioner's Petition to Quash Third Party Summons issued to Citibank, N.A. by the Internal Revenue Service is DENIED. Respondent's motion to deny and dismiss the Petition is GRANTED. The Clerk is directed to close the case.

DATED: January 12, 2021

R. GARY KLAUSNER
United States District Judge